## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 20-MJ-3025 |
| ) | |
| CHASE BROWN, ) | |
| ) | |
| Defendant. ) | |

### OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on the Government's Motion to Extend Time Under the Speedy Trial Act to Present the Matter for Indictment to the Grand Jury and to Bring the Matter to Trial (d/e 18) (Motion). For the reasons set forth below, the Motion is ALLOWED.

Defendant was arrested on March 13, 2020, and first appeared on that date before the District Court in the Middle District of Florida (Tampa), at which time he was detained. Defendant was transferred to this district on April 27, 2020 and made his first appearance before this Court on April 29, 2020. Motion, at 1.

The parties agree that, currently, under Speedy Trial Act computation, Defendant should be indicted in May 2020 and tried by June 11, 2020. See Motion, at 2; Defendant's Opposition to Extension of Time to Indict (d/e 19) (Opposition), at 2. The threat to public health caused by the COVID-19

pandemic required the cancelation of the grand jury sessions in Springfield and Peoria in May 2020.  See Motion, at 2.  The next grand jury sessions in Springfield and Peoria are scheduled for June 2 and 16, 2020, respectively.  Motion, at 2.  Pursuant to 18 U.S.C. § 3161(h), (h)(7)(A), the Government moves to extend the time periods under the Speedy Trial Act within which the Government must present this matter to the grand jury for indictment to June 16, 2020 and commence the trial to July 13, 2020.  Defendant Brown opposes the Motion.  See Opposition.

## ANALYSIS

The Speedy Trial Act states that:

(h) The following periods of delay shall be excluded in computing the time within which an . . . indictment must be filed, or in computing the time within which the trial of any such offense must commence:
. . . .
> **(7)(A)** Any period of delay resulting from a continuance granted by any judge . . . at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A) (emphasis added).

In this case, the ends of justice served by extending the time needed to present this matter to the grand jury for consideration of possible indictment, and to commence the trial, outweigh the best interests of Defendant Brown and the public in a speedier indictment and trial.  The dangers to public health caused by the COVID-19 pandemic has required the cancelation of meetings of individuals, including the convening of the grand jury, in order to impede the spread of the virus.  See Second Amended General Order entered April 30, 2020 and General Order 20-03 entered April 1, 2020 for detailed findings of the threat to public health by the COVID-19 pandemic and the need to suspend public meetings and court proceedings.  In this circumstance, the Court finds that denying the Government's request would likely make the continuation of this proceeding impossible because the grand jury would have no opportunity to consider the matter for indictment.  See 18 U.S.C. § 3161(h)(7)(B)(i) (a factor to consider in granting continuances under § 3161(h)(7) is "Whether the failure to grant such a continuance . . . would be likely to make a continuation of such proceeding impossible.").   The interests of justice in allowing this proceeding to continue outweigh the Defendant's and the public's interests in a speedier resolution.

The Defendant argues that the delay in transferring him from Florida to Illinois exceeded 10 days, and so, was presumptively unreasonable.

18 U.S.C. § 3161(h)(1)(F).  The Government does not ask this Court to exclude time under § 3161(h) because of any delay in his transfer to Illinois.  This observation is, therefore, irrelevant.

The Defendant complains that the request for excluding time from the Speedy Trial Act computation is open-ended.  The Court disagrees.  The Government asks for an extension until June 16, 2020 to indict and July 13, 2020, to try charges against Defendant.  The request is limited to those specific dates and the Court's order is limited to those specific dates.  The request is not open-ended.

The Defendant argues that he should be indicted and tried "within the time limits imposed by the Constitution and by statute."  <u>Opposition</u>, at 3.  The Defendant further does not waive his Sixth Amendment right to a speedy trial.  <u>Opposition</u>, at 2-3.  The Sixth Amendment to the Constitution does not require that this Defendant must be indicted in May 2020 and Defendant makes no showing and cites no authority to support such a proposition.   This Opinion granting the Motion, further, allows the Defendant to be indicted and tried within the time limit set forth in the statute.  The Speedy Trial Act mandates that certain time "shall be excluded" from the computation of the time in which a person must be indicted or tried.  18 U.S.C. § 3161(h).  As explained above, the exclusion of the time for Government's requested extension of time is mandated by

§ 3161(h)(7)(A) due to the threat to public health caused by COVID -19 pandemic. Absent the requested exclusion, the case could not proceed to the grand jury. See 18 U.S.C. § 3161(h)(7)(B)(i). The statute mandates the exclusion of the time for the requested extension from the calculations of the time limits under the statute. This Opinion, therefore, will allow the charges against the Defendant to be presented to the grand jury within the time limits set forth in the statute. If indicted, the Opinion will allow the Defendant to be tried within the time limits set forth in the statute.

THEREFORE, IT IS ORDERED that the Government's Motion to Extend Time Under the Speedy Trial Act to Present the Matter for Indictment to the Grand Jury and to Bring the Matter to Trial (d/e 18) is ALLOWED. The Court extends the time periods within which the Government is required to present this matter to the grand jury for indictment and to bring the defendant to trial to June 16, 2020, and July 13, 2020, respectively. For the reasons set forth above, the Court finds that the ends of justice served by granting the extension of time outweigh the best interest of the public and the defendant in a speedy trial.

ENTER: May 18, 2020

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE